******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALEX RODRIGUEZ ET AL. *v.* DOUGLAS CLARK
(AC 37083)

Alvord, Keller and Schaller, Js.

*Argued December 8, 2015—officially released February 2, 2016*

(Appeal from Superior Court, judicial district of
Waterbury, Shapiro, J.)

*John Del Buono*, with whom was *Donald McPartland*,
for the appellants (plaintiffs).

*Michael F. O'Connor*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Alex Rodriguez and his wife, Rachel Rodriguez, appeal from the judgment of the trial court rendered in favor of the defendant, Douglas Clark, after the court struck the plaintiffs' complaint in its entirety. The plaintiffs claim that the court improperly concluded that their causes of action were barred by the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq. We affirm the judgment of the trial court.

The relevant procedural facts may be summarized as follows. In July, 2013, the plaintiffs commenced this action against the defendant by means of a four count complaint. The plaintiffs alleged that, on July 13, 2011, the plaintiff[1] and the defendant were Middletown police officers who at all times relevant were engaged in their official police duties in Middletown. The plaintiff was in the process of subduing and arresting individuals who were involved in an altercation, at which time the defendant arrived upon the scene to aid his fellow officers. The defendant drove to the scene in a marked police cruiser accompanied by Niko, a trained police K-9 dog that was kept and/or owned by him. The defendant parked his cruiser at the scene, leaving the key in the ignition with the motor running. After the defendant had exited the cruiser and was providing assistance to his fellow officers at the scene, Niko exited the back of the cruiser by means of an open window, attacked and "nipped" a third police officer, and "attacked and bit" the plaintiff. The plaintiff alleged that he incurred a variety of physical injuries that, among other things, have detrimentally affected his mobility and his quality of life, and have caused him to retire from a career as a police officer.

In count one, the plaintiff alleged that the defendant was negligent in several ways for failing to restrain and control Niko at the scene of the altercation. The plaintiff alleged that the defendant's conduct constituted negligent operation of a motor vehicle under General Statutes § 31-293a.[2] In count two, the plaintiff alleged that the defendant was liable for his damages under the dog bite statute, General Statutes § 22-357. In counts three and four of the complaint, Rachel Rodriguez brought corresponding derivative claims for loss of consortium.

On October 9, 2013, the defendant filed a motion to strike all four grounds of the complaint on the ground that all four counts were barred by the exclusivity provision of the act.[3] The plaintiffs objected to the motion. Subsequently, the court held a hearing on the motion to strike. On June 10, 2014, the court issued a memorandum of decision in which it concluded that the plaintiffs' claims were barred by the exclusivity provisions of the act.[4] On July 7, 2014, the court rendered judgment in favor of the defendant on the stricken complaint. This

appeal followed.

We carefully have considered the record, the briefs submitted by the parties, as well as the arguments of the parties advanced at the time of oral argument before this court. We have reviewed the court's memorandum of decision in accordance with the plenary standard of review that applies to the legal determinations of the trial court in granting a motion to strike one or more counts of a complaint. See, e.g., *Kortner* v. *Martise*, 312 Conn. 1, 48–49, 91 A.3d 412 (2014). Our examination of the record and the arguments of the parties persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its concise and well reasoned decision as a proper statement of the relevant facts and the applicable law concerning the issues raised by the plaintiffs. See *Rodriguez* v. *Clark*, 162 Conn. App. 785, A.3d      (2014) (appendix). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Chiulli* v. *Chiulli*, 161 Conn. App. 638, 639,      A.3d      (2015); *Pellecchia* v. *Killingly*, 147 Conn. App. 299, 301–302, 80 A.3d 931 (2013).

The judgment is affirmed.

[1] In this opinion we shall refer to the named plaintiff, Alex Rodriguez, as the plaintiff.

[2] General Statutes § 31-293a, the exclusivity provision of the act, provides in relevant part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle . . . ."

[3] In the alternative, the defendant argued that count two was barred by the doctrine of governmental immunity. The court did not reach the merits of this argument in striking the complaint. Although, in this appeal, the defendant relies on the doctrine of governmental immunity as an alternate ground for affirmance, in light of our resolution of the appeal we need not address that claim.

[4] We observe that, before this court, the plaintiffs, in an attempt to circumvent the exclusivity of the act, suggest that the defendant and the dog, Niko, had engaged in wilful and malicious conduct during the incident at issue. See General Statutes § 31-293a. In their complaint, however, the plaintiffs alleged that the defendant had engaged in the negligent operation of a motor vehicle and that the defendant was liable for the plaintiffs' damages under the dog bite statute. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) *Provenzano* v. *Provenzano*, 88 Conn. App. 217, 225, 870 A.2d 1085 (2005). Moreover, in argument before the trial court, the plaintiffs did not argue that the exclusivity of the act did not apply because of wilful and malicious conduct. The court, therefore, did not address such an argument. In light of the fact that the plaintiffs did not raise such an argument at trial and the court did not address it, we consider any argument advanced by the plaintiffs with respect to wilful and malicious conduct to be abandoned.