### STATE OF CONNECTICUT *v.* BARRY THOMAS (SC 16040)

McDonald, C. J., and Borden, Norcott, Palmer and Vertefeuille, Js.

Argued May 25—officially released July 4, 2000

*Susan M. Hankins*, assistant public defender, for the appellant (defendant).

*Ellen A. Jawitz*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Warren Maxwell*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. After a jury trial, the defendant, Barry Thomas, was found guilty of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3),[1] and the trial court rendered judgment accordingly. The defendant appealed to the Appellate Court, and that court affirmed the judgment of conviction. *State* v. *Thomas*, 50 Conn. App. 369, 717 A.2d 828 (1998).[2]

We granted certification to appeal, limited to the following issue: "Did the Appellate Court properly terminate its review of the defendant's *Batson* [v. *Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)] claim after concluding that some of the state's reasons for exercising its peremptory challenge against an African-American venireperson were legitimate?" *State* v.

---

[1] General Statutes § 53a-55 (a) provides: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

[2] Specifically, the Appellate Court rejected the defendant's claims that the trial court improperly had: (1) permitted the state to exercise a peremptory challenge to remove a venireperson; (2) failed to instruct the jury that disbelief of the defendant's testimony was not affirmative proof of the opposite; and (3) instructed the jury on flight as evidence of consciousness of guilt. *State* v. *Thomas*, supra, 50 Conn. App. 370–71.

*Thomas*, 247 Conn. 935, 722 A.2d 1217 (1998). This certified appeal followed.

After examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was granted improvidently.

The appeal is dismissed.