CHARLES E. JELLISON *v.* PETER B. O'CONNELL, CONSERVATOR (ESTATE AND PERSON OF ANN DEVANEY JELLISON) (AC 22715)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Charles E. Jellison,* pro se, the appellant (plaintiff), filed a brief.

*Daren R. Alteri* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The pro se plaintiff, Charles E. Jellison, appeals from the trial court's judgment of nonsuit rendered against him. On appeal, the plaintiff apparently claims that the court improperly rendered the judgment of nonsuit.

We decline to review the plaintiff's claim because he has failed to provide any legal authority for or analysis of his claim. "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Wren* v. *MacPherson Interiors, Inc.,* 69 Conn. App. 349, 359, 794 A.2d 1043 (2002).

"[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be

reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Baris* v. *Southbend, Inc.*, 68 Conn. App. 546, 550–51, 791 A.2d 713 (2002). We therefore decline to review the plaintiff's claim and deem it abandoned.

The judgment is affirmed.