# STEPHEN M. JACOBS *v.* GENERAL ELECTRIC COMPANY
## (SC 17380)

Sullivan, C. J., and Borden, Palmer, Vertefeuille and Mack, Js.

Argued May 17—officially released September 13, 2005

*Jacques J. Parenteau,* with whom, on the brief, was *Todd D. Steigman,* legal intern, for the appellant (plaintiff).

*Richard Voight,* with whom was *Robert J. Gallo,* for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. This appeal arises out of an employment discrimination action brought by the plaintiff, Stephen M. Jacobs, against the defendant, General Electric Company, alleging age discrimination in a decision to lay off the plaintiff as part of a reduction in the defendant's workforce. The dispositive issues in this appeal are whether the trial court properly charged the jury regarding the plaintiff's burden of proof with regard to discrimination, and whether the trial court improperly admitted lay opinion testimony regarding the reason for the plaintiff's termination. We agree with the plaintiff that the trial court's instruction to the jury was improper and that the trial court improperly admitted lay opinion testimony regarding the reasons for the plaintiff's termination, and, accordingly, we reverse the judgment of the trial court.

The jury reasonably could have found the following facts. In July, 1996, six months before his fiftieth birthday, the plaintiff commenced employment at the defendant's Bridgeport plant as manager of fabrication and sourcing. The plaintiff did not hold an engineering degree, which was one of the minimum qualifications for the position, but he did have significant relevant employment experience in the plastics industry. The plaintiff received favorable performance evaluations in February, 1997, June, 1999, and July, 2000. As part of each evaluation, however, the plaintiff was told that he needed to develop greater knowledge of materials management at the Bridgeport facility.

The plaintiff continued to work for the defendant until March, 2001, at which point the defendant laid off the plaintiff as part of a reduction in the defendant's workforce. At the time of his layoff, the plaintiff was fifty-four years of age. Following the plaintiff's layoff, the defendant continued to employ four salaried, manufacturing-related employees in positions similar to the one that the plaintiff had held. All of the four remaining employees had degrees in either mechanical or electrical engineering, which the plaintiff did not possess. Following the plaintiff's layoff, three of the remaining four manufacturing-related employees assumed the responsibilities of the plaintiff's former position. Two of those three employees were younger than the plaintiff, and one of those two employees held less job seniority than the plaintiff.

The jury reasonably could have believed the testimony of Edward Belanger, the defendant's manager of human resources, and Brian Hill, the defendant's manager of manufacturing and acting plant manager, regarding the defendant's reason for laying off the plaintiff. Both managers testified that their decision to include the plaintiff in a workforce reduction was based on the plaintiff's lack of relevant experience and skills, which made him the most expendable member of the defendant's manufacturing operation. Belanger further testified that the defendant's decision to lay off the plaintiff was made easier by the fact that the plaintiff had stated his intention to leave employment with the defendant and take a different job. Additional facts will be set forth as necessary.

Following the plaintiff's layoff, he filed a complaint with the commission on human rights and opportunities (commission), alleging age discrimination in violation of General Statutes § 46a-60, a provision of the Connecticut Fair Employment Practices Act. See General Statutes § 46a-51 et seq. The plaintiff subsequently received

a release of jurisdiction from the commission,[1] after which he filed this complaint in the trial court. Following a jury trial, the jury returned a verdict in favor of the defendant, and the trial court rendered judgment in accordance with the verdict. The plaintiff appealed from the trial court's judgment to the Appellate Court, and we thereafter transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the plaintiff makes three claims. First, he contends that the trial court improperly instructed the jury that, in order to prevail, the plaintiff was required to prove that the defendant's explanation for laying off the plaintiff was false *and* that age was a motivating factor in the defendant's decision. The plaintiff further claims that the trial court improperly admitted lay opinion testimony regarding the defendant's reason for laying off the plaintiff from individuals who were not involved in the layoff decision, in violation of § 7-1 of the Connecticut Code of Evidence.[2] The plaintiff's final claim is that the trial court improperly permitted the defendant to disclose that a witness' recollection was refreshed outside the presence of the jury with the use of a certain tape recording that the plaintiff had surreptitiously made of his conversation with the witness.[3] We agree with the plaintiff's first two claims and need not reach the final claim.

[1] In accordance with the requirements of General Statutes §§ 46a-100 and 46a-101, a person who has filed a complaint with the commission alleging a discriminatory practice must receive a release of jurisdiction from the commission before bringing an action for discrimination in Superior Court.

[2] Section 7-1 of the Connecticut Code of Evidence provides: "If a witness is not testifying as an expert, the witness may not testify in the form of an opinion, unless the opinion is rationally based on the perception of the witness and is helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue."

[3] We need not reach the plaintiff's final claim because it is unlikely to arise on retrial.

## I

## JURY CHARGE

The plaintiff first claims that the trial court's charge to the jury improperly instructed that, in order to prevail in his case, the plaintiff was required to prove *both* that the defendant's proffered reason for the layoff was false *and* that the plaintiff's age was a motivating factor in the defendant's decision. More specifically, the plaintiff claims that the trial court misled the jury by instructing it, contrary to prevailing authority, that in order to establish discrimination, the plaintiff *was required* to prove that the defendant's stated reason for the layoff was pretextual. The plaintiff further contends that the trial court improperly failed to separate pretext as a method of proof from the alternative of proving by direct evidence that the defendant had a discriminatory motive for the layoff, and in doing so, the trial court instructed the jury that the plaintiff had the burden of proving *both* in order to prevail in his case.

The defendant counters that the trial court's instruction to the jury, when taken as a whole, properly focused the jury's attention on the ultimate question in the case, that is, whether age was a motivating factor in the defendant's layoff decision. The defendant further claims that the jury instruction must be considered together with the verdict form provided to the jury, and that, when the two are considered together, the trial court properly instructed the jury that, even if the jury determined that the defendant's stated reason for the layoff were true, but that the defendant was in part motivated by age discrimination, the jury could decide in favor of the plaintiff. The defendant also claims that the jury had ample evidence before it to justify its verdict in favor of the defendant, and accordingly, the jury instruction did not affect the jury's verdict. We agree with the plaintiff.

"Our analysis begins with a well established standard of review. When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Ancheff* v. *Hartford Hospital*, 260 Conn. 785, 811, 799 A.2d 1067 (2002).

The framework for the burden of production of evidence and the burden of persuasion in an employment discrimination case is well established. "[*McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)] and subsequent decisions have established an allocation of the burden of production and an order of presentation of proof . . . in discriminatory-treatment cases. . . . First, the [complainant] must establish a prima facie case of discrimination. . . . In order to establish a prima facie case, the complainant must prove that: (1) he is in the protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. . . . Once the complainant establishes a prima facie case, the employer then must produce legitimate, nondiscriminatory reasons for its adverse employment action. . . . This burden is one of production, not persuasion; it can involve no credibility assessment." (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *Commission*

*on Human Rights & Opportunities*, 266 Conn. 492, 505–506, 832 A.2d 660 (2003).

After the plaintiff has established a prima facie case, and the defendant has produced evidence of a legitimate, nondiscriminatory reason for the employment action, "[t]he plaintiff retains the burden of persuasion. [The plaintiff] now must have the opportunity to demonstrate that the [defendant's] proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination. [*The plaintiff*] *may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.*" (Emphasis added.) *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). Employment discrimination therefore can be proven either directly, with evidence that the employer was motivated by a discriminatory reason, or indirectly, by proving that the reason given by the employer was pretextual. The Supreme Court later refined the ruling set forth in *Burdine* in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507–508, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993), and in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). In *Board of Education v. Commission on Human Rights & Opportunities*, supra, 266 Conn. 511, we recently adopted "the explicit holding in *Reeves* that evidence establishing the falsity of the legitimate, nondiscriminatory reasons advanced by the employer may be, in and of itself, enough to support the trier of fact's ultimate finding of intentional discrimination." With this background in mind, we turn to the jury instruction in the present case.

The trial court in the present case instructed the jury concerning the framework that governs proof in an age discrimination case. After explaining the plaintiff's burden of establishing a prima facie case, the trial court instructed the jury that it was required to determine whether the defendant had articulated a legitimate, nondiscriminatory reason for the decision to lay off the plaintiff. The trial court then instructed the jury, in relevant part: "[The defendant] maintains that it selected the plaintiff for layoff because of a reduction in force. A layoff due to a reduction in force is a legitimate nondiscriminatory basis for a layoff. Therefore, in order for the plaintiff to prevail on his age discrimination claim, *he must prove by a preponderance of the evidence that [the defendant's] reasons for laying him off were merely a pretext,* i.e., one of the real reasons for laying off the plaintiff was intentional age discrimination. To prove pretext, the plaintiff may show by a preponderance of the evidence that [the defendant's] reason is not worthy of belief or that more likely than not it is not a true reason or the only true reason for [the defendant's] decision to lay off the plaintiff *and* that the plaintiff's age was a motivating factor for [the defendant's] decision." (Emphasis added.)

This was the only occasion during the jury charge when the trial court addressed the method by which the plaintiff could prove age discrimination. It is evident from a review of this charge that the trial court failed to instruct the jury that there were *two* methods by which the plaintiff could prove his claim of age discrimination, the first by proving directly that the defendant had a discriminatory motive in making the layoff decision, or the second by showing indirectly that the defendant's claimed reason for the layoff was pretextual. Instead, the trial court's instructions merged the two methods of proof.

The Second Circuit Court of Appeals recently addressed a similar jury charge in an employment discrimination case in *Gordon* v. *Board of Education*, 232 F.3d 111 (2d Cir. 2000). In an instruction concerning the *McDonnell Douglas Corp.* burden-shifting framework, the trial court had "instructed the jury that [the plaintiff] was required to prove *both* that the [defendant's] proffered [nondiscriminatory] reason was pretextual *and* that a [discriminatory] reason motivated the [defendant's] adverse employment actions." (Emphasis in original.) Id., 118.

The Court of Appeals concluded that the trial court's instruction was erroneous in imposing on the plaintiff "the burden of proving the falsity of the [defendant's] stated reasons for its adverse actions." Id., 117. The court reversed the judgment of the trial court and ordered a new trial, explaining that a proper jury charge in an employment discrimination case "must inform the jury that there are two distinct ways for a plaintiff to prevail—either by proving that a discriminatory motive, more likely than not, motivated the defendants *or* by proving both that the reasons given by the defendants are not true and that discrimination is the real reason for the actions." (Emphasis added; internal quotation marks omitted.) Id.

We agree with the analysis of the Court of Appeals in *Gordon* concerning the jury charge. We conclude, similarly, that the jury instruction in the present case was flawed in two respects. First, the charge improperly imposed on the plaintiff the burden of proving the falsity of the reason given by the defendant for laying off the plaintiff. Second, the charge failed to instruct the jury that there are two discrete methods for proving intentional discrimination: the first by direct proof of a discriminatory motive and the second, indirect method by proving that the reasons given by the employer for the employment decision were pretextual.

The defendant claims that the jury instruction was not improper when it is considered together with the verdict form. We disagree. The verdict form simply asked whether the jury had found "that [the] [p]laintiff has proven that his age was a motivating factor in [the] [d]efendant's decision to select [the plaintiff] for discharge in a reduction in force." This question set forth the ultimate question to be decided by the jury, but did not address the two alternative methods of proof that could be employed in resolving that question. Accordingly, it did not properly clarify the trial court's instruction to the jury.

In determining whether an improper jury instruction resulted in harm, we look to the complexity of the issues involved. *State* v. *Spillane*, 255 Conn. 746, 757, 770 A.2d 898 (2001). The issues in an employment discrimination case are necessarily complex, which is evidenced by our adoption of the burden-shifting *McDonnell Douglas Corp.* framework. The improper instruction in the present case went to the heart of the plaintiff's burden of proof in that it misled the jury to believe that, in order to prevail, the plaintiff was required to prove that the defendant's reason for the layoff was pretextual. We cannot conclude that such an impropriety in this complex case did not result in harm.

## II

## LAY OPINION TESTIMONY

Although our conclusion regarding the improper jury charge is dispositive of this appeal, we will consider the plaintiff's second claim, concerning lay opinion testimony as to the reasons for the plaintiff's termination, because it is likely to arise upon retrial. See *State* v. *Fritz*, 204 Conn. 156, 166, 527 A.2d 1157 (1987). The plaintiff claims that the trial court improperly admitted lay opinion testimony regarding the defendant's reason for laying off the plaintiff from employees who did not

participate in the layoff decision. At trial, the defendant introduced the lay opinion testimony of two employees at the defendant's facility who had not been involved in the layoff decision. The plaintiff claims that the testimony of these two witnesses was mere speculation as to the reasons for the plaintiff's termination, and, because neither witness participated in the layoff decision, the testimony could not have been based on their perception of events, as required by § 7-1 of the Connecticut Code of Evidence. The defendant counters that the testimony of both witnesses was based on their personal observations of the operations and employees at the defendant's facility, and, accordingly, it was properly admitted as lay opinion testimony. We agree with the plaintiff.

At trial in the present case, the defendant presented the testimony of Paul Texiera and Luis Gondolfo. Texiera was a plant manager at the defendant's Bridgeport facility from 1998 to 2000. He left the employ of the defendant prior to the time that the plaintiff was laid off. Gondolfo was a plant coordinator at the defendant's Bridgeport facility from 1970 through the time of the trial. Texiera testified that he thought the plaintiff would be the best candidate to be laid off. Texiera responded in the negative when asked whether he had "see[n] anything that would support a conclusion that [the plaintiff] had, in any way, been discriminated against by [the defendant] on the basis of his age." Gondolfo was asked to testify about the layoff decision based on his "personal observations," although he did not actually participate in the decision to lay off the plaintiff. Gondolfo testified that, in his opinion, the plaintiff was "the right candidate" to be laid off. The plaintiff objected to the testimony of both men, claiming that it constituted improper opinion testimony from lay witnesses. The trial court overruled the objections and allowed the testimony.

We begin by setting forth the applicable standard of review. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 180, 864 A.2d 666 (2004). With this standard in mind, we turn to the plaintiff's evidentiary claim.

Section 7-1 of the Connecticut Code of Evidence provides: "If a witness is not testifying as an expert, the witness may not testify in the form of an opinion, unless the opinion is rationally based on the perception of the witness and is helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue." The commentary to § 7-1 provides in relevant part that it "is based on the traditional rule that witnesses who did not testify as experts generally were required to limit their testimony to an account of the facts and, with but a few exceptions, could not state an opinion or conclusion. . . ." Conn. Code Evid. § 7-1, commentary. "Lay witnesses are permitted to give opinions when the evidence as to such matters might otherwise be difficult or impossible to obtain in any other form. . . . A lay witness must state the facts that are within his or her personal knowledge, however, and not give an opinion concerning such facts." C. Tait, Connecticut Evidence (3d Ed. 2001) § 7.1.2, p. 510; see also *Johnson* v. *Newell*, 160 Conn. 269, 277, 278 A.2d 776 (1971).

"[W]here a state rule is similar to a federal rule we review the federal case law to assist our interpretation of our rule." (Internal quotation marks omitted.) *SFP Tisca* v. *Robin Hill Farm, Inc.*, 244 Conn. 721, 727, 711 A.2d 1175 (1998). Rule 701 of the Federal Rules of Evidence[4] is similar to § 7-1 of the Connecticut Code of Evidence, and, accordingly, it is helpful to consider relevant federal case law. The Second Circuit Court of Appeals has stated that "in an employment discrimination action, [r]ule 701 (b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision. Witnesses are free to testify fully as to their own observations of the defendant's interactions with the plaintiff or with other employees, but the witness's opinion as to the defendant's [ultimate motivations] will often not be helpful within the meaning of [r]ule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant was motivated by an impermissible animus." (Internal quotation marks omitted.) *Hester* v. *Bic Corp.*, 225 F.3d 178, 185 (2d Cir. 2000). Although the precise nature of the lay opinion testimony offered in *Hester* was significantly different from the nature of the testimony offered in the present case, we agree with the Court of Appeals' statement of the law generally regarding lay opinion testimony, namely, that a lay witness may not offer speculative testimony as to an employer's motivation for an employment decision.[5]

---

[4] Rule 701 of the Federal Rules of Evidence provides: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

[5] In *Hester* v. *Bic Corp.*, supra, 225 F.3d 184, the court concluded that the trial court improperly admitted the opinion testimony of four of the plaintiff's coworkers, none of whom "was involved in [the defendant's] decision-making processes, or had personal knowledge of it. Nor had they any basis for

In the present case, both Texiera and Gondolfo testified to their personal opinions as to whether the plaintiff should have been laid off, despite the fact that neither witness participated in the layoff decision. Neither witness had firsthand knowledge of the basis for the decision. Indeed, Texiera was no longer an employee at the defendant's facility at the time of the layoff. Although the defendant claims that the testimony of both witnesses was helpful to the jury, the potential helpfulness of the testimony cannot overcome its inadmissibility under § 7-1 of the Connecticut Code of Evidence. Accordingly, we conclude that the trial court abused its discretion in admitting the testimony of these two witnesses, who had no personal knowledge of the layoff process or the defendant's motivation for its decision to lay off the plaintiff.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other justices concurred.

knowing whether [the plaintiff] was adequately performing her [employment] duties . . . ."