STATE OF CONNECTICUT *v.* TYISH SMITH
(AC 25144)

Flynn, McLachlan and Foti, Js.

combination of which was almost three times as much as the recovery of compensatory damages.

Argued October 20—officially released December 13, 2005

*Annacarina Del Mastro*, assistant public defender, with whom, on the brief, was *Louis S. Avitabile*, special public defender, for the appellant (defendant).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Amy Sedensky*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Tyish Smith, appeals from the judgment of conviction, rendered after a jury trial, of burglary in the first degree, conspiracy to commit burglary in the first degree, robbery in the first degree and conspiracy to commit robbery in the first degree.[1] On appeal, the defendant claims that (1) prosecutorial

---

[1] Specifically, the defendant was convicted of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-48 and 53a-101 (a) (1), robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (3).

misconduct during the state's rebuttal argument to the jury deprived him of a fair trial, (2) the trial court improperly instructed the jury and (3) the cumulative effect of the prosecutorial misconduct and the court's improper jury instructions deprived him of a fair trial. We affirm the judgment of the trial court.

On March 17, 2002, the defendant and John Yeldell were walking together on Bishop Street in Waterbury. Barbara Stevens, who was acquainted with the defendant and Yeldell, stopped to give them a ride. Stevens was driving a pickup truck owned by Gregory Torwich and was returning from shopping with her friend, Valerie Brown. Stevens dropped off the defendant and Yeldell in front of an apartment building at 330 Bishop Street. She then parked Torwich's truck behind the building and went with Brown inside to the apartment where Brown lived with John Knight.

Thereafter, Brown, Knight, Stevens and Torwich were present in Knight's apartment when the defendant and Yeldell knocked on the door and asked Stevens if they could borrow Torwich's truck. When Stevens refused, the defendant and Yeldell left. They returned a short time later. Knight answered the door and told them to leave, but they brandished knives and pushed Knight aside. After struggling with Stevens and robbing Torwich of $1000 and the keys to his truck, the defendant and Yeldell fled. Police recovered Torwich's truck in Hamden on March 18, 2002. The following day, the defendant and Yeldell were arrested together in New Haven.

After a trial, the jury returned a verdict of guilty on all counts. The court rendered judgment in accordance with the verdict and sentenced the defendant to a total effective term of ten years incarceration followed by five years special parole. This appeal followed.

I

The defendant first claims that prosecutorial misconduct during the state's rebuttal argument to the jury deprived him of a fair trial. Specifically, the defendant claims that the prosecutor improperly invited the jury to conclude that the defendant had fled with Yeldell in Torwich's truck from Waterbury to New Haven. The defendant directs us to the following statement made by the prosecutor, to which the defendant objected: "I submit to you that what happened [after the burglary and robbery] is that both [Yeldell] and the defendant fled in the truck down to New Haven until they were arrested there." We conclude that that statement did not constitute misconduct.

We conduct a two step inquiry in analyzing claims of prosecutorial misconduct. "The two steps are separate and distinct: (1) whether misconduct occurred in the first instance; and (2) whether that misconduct deprived a defendant of his due process right to a fair trial." (Internal quotation marks omitted.) *State* v. *Stevenson*, 269 Conn. 563, 572, 849 A.2d 626 (2004). We recognize that "because closing arguments often have a rough and tumble quality about them, some leeway must be afforded to the advocates in offering arguments to the jury in final argument. [I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument. . . . Nevertheless, [w]hile a prosecutor may argue the state's case forcefully, such argument must be fair and based upon the facts in evidence and the reasonable inferences to be drawn therefrom." (Internal quotation marks omitted.) *State* v. *Antonio A.*, 90 Conn. App. 286, 298, 878 A.2d 358, cert. denied, 275 Conn. 926, 883 A.2d 1246 (2005). "It is not improper for the prosecutor to comment upon

the evidence presented at trial and to argue the inferences that the jurors might draw therefrom . . . ." (Internal quotation marks omitted.) *State* v. *Mulero*, 91 Conn. App. 509, 520, 881 A.2d 1039 (2005).

The evidence at trial indicated that the defendant and Yeldell had been together at Knight's apartment in Waterbury, had stolen the keys to Torwich's truck and later had been arrested together in New Haven. Furthermore, Torwich's truck was recovered in Hamden, which is adjacent to New Haven. In stating that the defendant and Yeldell had fled together in Torwich's truck, the prosecutor merely commented on the evidence and asked the jury to draw a reasonable inference. We therefore reject the defendant's claim of prosecutorial misconduct.

## II

The defendant next claims that the court improperly instructed the jury. Specifically, the defendant claims that the court should have granted his request to charge the jury (1) that its disbelief of his testimony and Yeldell's testimony was not affirmative proof of the opposite and (2) to consider Stevens' testimony with caution because she admitted that she had smoked crack cocaine shortly before the burglary and robbery. We disagree with both parts of the defendant's claim.

## A

We previously addressed the issue in the first part of the defendant's claim in *State* v. *Thomas*, 50 Conn. App. 369, 717 A.2d 828 (1998), appeal dismissed, 253 Conn. 541, 755 A.2d 179 (2000). That case, like the present case, involved a claim of instructional error, but not a claim of insufficient evidence due to a lack of affirmative evidence of guilt. We determined that a court need not "instruct the jury that it cannot . . . use its disbelief of a witness' testimony as affirmative

proof of the opposite"; id., 380–81; when a defendant has not claimed insufficient evidence. Accordingly, we conclude that the court in the present case did not act improperly in declining to give the defendant's instruction regarding the jury's disbelief of his testimony and Yeldell's testimony as affirmative proof of the opposite.

B

The second part of the defendant's claim concerns his request for a cautionary instruction on Stevens' testimony. The defendant's proposed instruction provided in relevant part: "The testimony of a witness who has been using drugs . . . may be less believable because of the effect the drug may have [had] on her ability to perceive or relate the events in question." Although the court declined to give that instruction, it gave a lengthy instruction on the credibility of witnesses, which provided in relevant part: "With each witness, you should consider his ability to observe facts correctly, recall them and relate them to you truly and accurately."

It is well settled that "a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Jacobs v. General Electric Co.*, 275 Conn. 395, 400, 880 A.2d 151 (2005). Furthermore, "a refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance." (Internal quotation marks omitted.) *State* v. *Morgan*, 86 Conn.

App. 196, 213, 860 A.2d 1239 (2004), cert. denied, 273 Conn. 902, 868 A.2d 746 (2005). "[W]hether certain factors relating to witness credibility need to be stressed will largely be left to the trial court's discretion and will not be overturned on appeal absent a clear abuse of discretion." (Internal quotation marks omitted.) *State* v. *Thomas*, supra, 50 Conn. App. 380.

We conclude that the court's charge on credibility fairly presented the case and sufficiently guided the jury. The court instructed the jury to evaluate the witnesses' "ability to observe facts correctly . . . ." That instruction had the same substance as the defendant's proposed instruction because it addressed the witnesses' perception. The court's decision not to refer to Stevens' drug use specifically was within its discretion and did not affect the jury's ability to consider whether the drug use had impaired her perception.[2] The court therefore did not act improperly in declining to give the defendant's instruction regarding Stevens' testimony.

### III

The defendant's last claim is that the cumulative effect of the improprieties he alleged in his first two claims deprived him of a fair trial. Our Supreme Court, however, does not permit the aggregation of claims to form "a new constitutional claim in which the totality of alleged constitutional error is greater than the sum of its parts." (Internal quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 218, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005). Because we rejected the defendant's first two claims, an aggregation of those claims cannot state a separate constitutional violation.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] Furthermore, the court did not prevent defense counsel from commenting on Stevens' drug use during closing argument, and defense counsel in fact did comment on its possible effect on Stevens' perception.