DAVID A. CHUCKTA *v.* SATYA PAL ASIJA ET AL.
(AC 27100)

Bishop, McLachlan and Pellegrino, Js.

Argued May 22—officially released August 22, 2006

_____

*Satya Pal Asija,* for the appellants (defendants).

*Christine L. Curtiss,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this matter involving a boundary dispute, the defendants, Satya Pal Asija and Teresa DeJesus Asija, appeal from the judgment of the trial court rendered in favor of the plaintiff, David A. Chuckta. On appeal, the defendants claim that the court improperly rejected their claim of adverse possession.[1] We affirm the judgment of the trial court.

The following facts and procedural history, as set forth by the court in its memorandum of decision, are relevant to the defendant's appeal. The plaintiff is the owner of property at 86 Coram Road in Shelton, which consists of three lots numbered 414, 415 and 416. The defendants are the owners of property at 7 Woonsocket Avenue in Shelton, which consists of two lots numbered 417 and 418.

---

[1] The defendants, on appeal, attempt to assert two additional claims that are not reviewable by this court. First, the defendants for the first time on appeal claim that the court improperly did not commission an independent survey of the disputed property line under General Statutes § 47-34. This court has stated many times that we will not review a claim that is not distinctly raised at trial. See Practice Book § 60-5; *Neff* v. *Johnson Memorial Hospital,* 93 Conn. App. 534, 537 n.6, 889 A.2d 921 (2006).

The defendants also claim that the court improperly excluded evidence relevant to their claims. We decline to address this argument because it has not been briefed adequately. "We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Citation omitted; internal quotation marks omitted.) *Jellison* v. *O'Connell,* 73 Conn. App. 564, 565–66, 808 A.2d 752 (2002).

The boundary dispute arose in July, 2002, when the plaintiff decided to remove a row of forsythia bushes that were between and ran parallel to lots 416 and 417. Upon removal of the bushes, the plaintiff discovered a woodpile, shed and driveway that he believed to be on his side of the property. Subsequently, the plaintiff hired a licensed surveyor, Paul Bombero, to survey and to stake out the property line between lots 416 and 417. According to Bombero's survey, the woodpile, shed and driveway encroached on the plaintiff's side of the property line.

The plaintiff brought this action by way of a three count complaint seeking (1) an injunction to compel the defendants to remove the encroachments on his side of the property line, (2) a determination that he had an interest in the property superior to any claim of the defendants and (3) the setting of the property line. The defendants counterclaimed, alleging ownership of the land through adverse possession. They requested that the court enter an order resolving the dispute as to the location of the property line. Additionally, they sought damages as compensation for their expenses arising out of the dispute.

In its memorandum of decision filed November 7, 2005, the court found, inter alia, that the property line between the two properties had been accurately determined by Bombero and that the defendants had encroached on the plaintiff's property. Furthermore, the court found that the evidence offered by the defendants did not establish title by adverse possession. Accordingly, the court granted the plaintiff's petition for injunctive relief and ordered the defendants to remove the encroachments. Additionally, the court denied the defendants' counterclaim. This appeal followed. Additional facts will be set forth as necessary.

The defendants claim that the court improperly found that they did not establish title by adverse possession.

In support of their claim, the defendants argue that they openly, visibly and exclusively maintained the property on their respective side of the bushes for more than fifteen years. We are not persuaded.

The court's finding that the defendants did not establish title by adverse possession is a finding of fact that will not be disturbed unless it is clearly erroneous. See *Allen* v. *Johnson*, 79 Conn. App. 740, 745, 831 A.2d 282, cert. denied, 266 Conn. 929, 837 A.2d 802 (2003). "Under such a standard, [a] finding . . . is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Mele* v. *Hartford*, 270 Conn. 751, 767, 855 A.2d 196 (2004).

"[T]o establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his own and without consent of the owner." (Internal quotation marks omitted.) *Provenzano* v. *Provenzano*, 88 Conn. App. 217, 221, 870 A.2d 1085 (2005). Accordingly, shared dominion over property defeats a claim of adverse possession because "the exclusivity element of adverse possession is absent." *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 702, 899 A.2d 59 (2006).

In the present case, the court found that the evidence offered by the defendants as to their maintenance activities fell short of establishing a claim of exclusive possession as required to establish title by adverse possession. The court specifically found that the evidence indicated that both property owners maintained the strip of land in question. This finding is supported by the testimony of the plaintiff, who stated that he maintained all sides

of the forsythia bushes, mowed the lawn in front of and in between the forsythia bushes, removed the overgrown forsythia bushes, and subsequently planted and cut grass where the forsythia bushes had been. Thus, the court's conclusion that the defendants failed to establish a claim through adverse possession was not clearly erroneous, as it is adequately supported by the evidence.

The judgment is affirmed.