JENNIFER JUDSON *v.* MICHELE BROWN ET AL.
(AC 27091)

McLachlan, Gruendel and Rogers, Js.

Argued September 6—officially released November 7, 2006

*Joseph M. Brophy,* for the appellant (plaintiff).

*Sarah F. DePanfilis,* with whom was *Daniel E. Ryan III,* for the appellee (named defendant).

*Opinion*

PER CURIAM. In this medical malpractice action, the plaintiff, Jennifer Judson, claims that the trial court abused its discretion in denying her motion to set aside the verdict in favor of the defendant physician, Michele Brown.[1] We affirm the judgment of the trial court.

---

[1] Prior to trial, the plaintiff withdrew the action against the other defendant, Stamford Hospital. We therefore refer in this opinion to Brown as the defendant.

The following facts are relevant to our resolution of the plaintiff's appeal. The plaintiff brought a complaint against Brown for medical malpractice. During trial, the plaintiff introduced exhibits that included the medical records of Steven McClane and Richard Viscarello, physicians to whom the defendant referred the plaintiff for care. Closing arguments were presented on October 5, 2005, and the court subsequently charged the jury. The jury began deliberating and, on that same day, presented the following question to the court: "If called, would a witness have the option to refuse to appear?" The court requested that the jury make the question more specific, and the jury responded by asking: "Would Dr. McClane or Dr. Viscarello have been compelled to appear as witnesses by law if called by the plaintiff?" The court reinstructed the jury that by statute, medical evidence can be presented in the form of medical records of the physicians who treated the plaintiff and that the jury could not draw any unfavorable inferences from the use of the records rather than live testimony.

The standard of review governing our review of a trial court's denial of a motion to set aside the verdict is well settled. "The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its] conclusion . . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Jackson* v. *Water Pollution Control Authority*, 278 Conn. 692, 702, 900 A.2d 498 (2006).

On appeal, the plaintiff makes several arguments in support of her claim that the court abused its discretion in denying her motion to set aside the verdict. She argues that the jury was prejudiced against the plaintiff,

did not spend enough time in deliberation to follow the court's instruction to read the medical reports and ignored the evidence.

We cannot review the plaintiff's claim that the jury's second question was inherently prejudicial. The plaintiff did not object to the jury's question or to the court's response to the jury. "This court has stated many times that we will not review a claim that is not distinctly raised at trial. See Practice Book § 60-5 . . . ." (Citation omitted.) *Chuckta* v. *Asija*, 97 Conn. App. 232, 233 n.1, 903 A.2d 243 (2006).

The plaintiff cannot prevail on her claim concerning the time spent by the jury in deliberation because we cannot infer misconduct from the duration of the jury's deliberation.[2] "The length of time that a jury deliberates has no bearing on nor does it directly correlate to the strength or correctness of its conclusions or the validity of its verdict." (Internal quotation marks omitted.) *Baldwin* v. *Jablecki*, 52 Conn. App. 379, 384, 726 A.2d 1164 (1999). We must presume that the jury followed the court's instructions as there is no clear indication to the contrary. See *PSE Consulting, Inc.* v. *Frank Mercede & Sons, Inc.*, 267 Conn. 279, 335, 838 A.2d 135 (2004).

The plaintiff also cannot prevail on her claim that the jury ignored the evidence in the case. The plaintiff argues that the evidence was overwhelming that the defendant committed medical malpractice in the manner alleged by the plaintiff. Our careful review of the record reveals that there was evidence from which the jury might reasonably have reached its conclusion. We reiterate that "[the trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its]

---

[2] Even if we could consider the amount of time spent in deliberation, the plaintiff has not provided us with a record indicating the time spent by the jury in deliberation.

conclusion . . . ." (Internal quotation marks omitted.) *Jackson* v. *Water Pollution Control Authority*, supra, 278 Conn. 702.

The judgment is affirmed.