KATHLEEN ROBERSON ET AL. *v.* MELISSA C. AUBIN
(AC 30435)

DiPentima, Beach and Stoughton, Js.

Argued November 18, 2009—officially released March 23, 2010

*Doris B. D'Ambrosio*, for the appellants (plaintiffs).

*Heath A. Tiberio*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiffs, Kathleen Roberson and John C. Roberson, appeal from the judgment rendered in favor of the defendant, Melissa C. Aubin. On appeal, the plaintiffs claim that the trial court improperly decided the case (1) on findings of fact that were clearly erroneous, (2) without examining the exhibits and (3) on an incorrect interpretation of the elements of adverse possession. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the plaintiffs' appeal. The subject of this dispute is a parcel of land of approximately 2400 square feet adjacent to the plaintiffs' property. The plaintiffs purchased their property, 312 Shore Drive, Coventry, on July 21, 1988, and have resided there since. The defendant is the record owner of the disputed parcel, having purchased the property, 234 Echo Road, Coventry, in February, 1999. The plaintiffs filed a complaint, dated June 12, 2007, in which they claimed an interest in the disputed parcel of land by adverse possession.

Following a one day trial to the court, the court issued a memorandum of decision in which it found that the plaintiffs had not established their exclusive use of the disputed property by clear and convincing evidence.

The court therefore rendered judgment in favor of the defendant on the adverse possession claim.[1] This appeal followed.

At the outset, we note that "[t]he essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. . . . Adverse possession must be proven by the claimant . . . by clear and convincing evidence." (Internal quotation marks omitted.) *Gemmell* v. *Lee*, 59 Conn. App. 572, 578, 757 A.2d 1171, cert. denied, 254 Conn. 951, 762 A.2d 901 (2000); see also General Statutes § 52-575; M. Taylor & D. Krisch, Encyclopedia of Connecticut Causes of Action (2009) pp. 2–3.

"Despite [this] exacting standard, our scope of review is limited. . . . Because adverse possession is a question of fact for the trier . . . the court's findings as to [such] claim are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." (Citation omitted; internal quotation marks omitted.) *Mulle* v. *McCauley*, 102 Conn. App. 803, 809, 927 A.2d 921, cert. denied, 284 Conn. 907, 931 A.2d 265 (2007).

---

[1] In addition to her answer and special defenses, the defendant also pleaded a two count counterclaim alleging trespass and vexatious litigation in violation of General Statutes § 52-568. The court rendered judgment in favor of the plaintiffs on the counterclaim, which has not been challenged on appeal.

The plaintiffs first claim that the court improperly issued its decision on facts that were clearly erroneous. In support of this claim, the plaintiffs identified several minor details that the court inaccurately described or misinterpreted.[2] Nevertheless, only when inaccuracies, reviewed in relation to the record as a whole, "undermine appellate confidence in the court's fact finding process [is] a new hearing . . . required." (Internal quotation marks omitted.) *DiNapoli* v. *Doudera*, 28 Conn. App. 108, 112, 609 A.2d 1061 (1992). The minor inaccuracies here relate to findings that are irrelevant to the ultimate conclusion of the court as to the plaintiffs' exclusive use of the disputed parcel. Accordingly, those inaccuracies do not undermine our confidence in the court's decision. See also *Martinez* v. *Commissioner of Correction*, 105 Conn. App. 65, 69, 936 A.2d 665 (2007) ("[b]ecause the claimed factual errors were not the bases of the court's decision, they afford no reason to disturb that decision"), cert. denied, 285 Conn. 917, 943 A.2d 475 (2008).

Furthermore, the plaintiffs, by highlighting some conflicting testimony and the witnesses' relationship to the parties, urge this court to consider the credibility of the witnesses and the weight of their testimony. The plaintiffs claim that, when presented with inconsistent testimony, the court improperly chose the testimony of one side over that of the other. The fact that this evidence was placed on the record does not, however, establish the plaintiffs' claim. The trial court might have been unpersuaded of the probative value of the testimony. See *DiBella* v. *Widlitz*, 207 Conn. 194, 203, 541 A.2d 91 (1988). "Absent a record that demonstrates that the trial court's reasoning was in error, we presume

---

[2] For example, the plaintiffs claim that the court described their witness, Valier Daigle, as a "friend" rather than "friendly" and described the defendant's witness, David Zaccardi, as a "friend and neighbor" instead of the defendant's "boyfriend."

that the trial court correctly analyzed the law and the facts in rendering its judgment."[3] Id., 203–204.

The plaintiffs next claim that the court improperly failed to review the exhibits in deciding the case. We are not persuaded. "[T]he trier is bound to consider all the evidence which has been admitted . . . . We cannot assume that the court's conclusions were reached without due weight having been given to the evidence presented and the facts found." (Citations omitted; internal quotation marks omitted.) *Giamattei* v. *DiCerbo*, 135 Conn. 159, 162, 62 A.2d 519 (1948). Furthermore, the memorandum of decision makes clear that the court considered the exhibits admitted into evidence[4] in deciding that there was insufficient evidence to meet the clear and convincing standard required to support a claim of adverse possession. Because the plaintiffs have failed to show otherwise, this court will assume that the trial court acted properly. See id.

Finally, the plaintiffs claim that the court improperly concluded that they failed to present sufficient evidence to show that they used and enjoyed the parcel of land with open, visible, notorious, adverse, exclusive, continuous and uninterrupted possession for more than fifteen years and, thus, acquired title by adverse possession. We disagree.

"[T]o establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and *exclusive* possession . . . . Accordingly, shared dominion over property defeats a claim of adverse possession because the exclusivity element

---

[3] The plaintiffs did not file a motion for articulation pursuant to Practice Book § 66-5.

[4] Specifically, the court referenced exhibit one, a boundary survey admitted into evidence, three times in its opinion.

of adverse possession is absent." (Citation omitted; emphasis added; internal quotation marks omitted.) *Chuckta* v. *Asija*, 97 Conn. App. 232, 235, 903 A.2d 243 (2006).

In the present case, the plaintiffs assert that the evidence they presented demonstrates that they did more work on the land for a longer period of time than the defendant and is therefore sufficient to support their claim for adverse possession. By acknowledging that the defendant also worked on the property, however, the plaintiffs' argument necessarily precludes a finding of the requisite exclusivity of use required as an element to establish such a claim. The court found that the evidence offered by the plaintiffs as to their use of the disputed parcel failed to establish, by clear and convincing evidence, the plaintiffs' exclusive use of the disputed parcel. The court specifically found that the evidence indicated that both the plaintiffs and the defendant maintained the disputed parcel. This finding is supported in the record by the testimony of Heather Delusso, whom the court specifically found to have testified credibly, and that of David Zaccardi. Both stated that they had parked various vehicles and boats on the disputed parcel with the defendant's permission and that they witnessed the defendant periodically mow and "weed whack" the land. The record supports the court's conclusion that the plaintiffs failed to establish their exclusive use[5] and, thus, failed to prove their claim that they acquired title through adverse possession.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The plaintiffs also argue that § 52-575 (a) requires the defendant to have interrupted their possession of the land by written notice, contesting the plaintiffs' adverse possession, and by filing a subsequent action. In view of the fact that the plaintiffs have not established their exclusive use of the property, and thus their adverse possession of the disputed parcel, the defendant had no claim to interrupt their possession in writing or otherwise.