PETER ANDERSON ET AL. *v.* ANDRE POIRIER ET AL.
(AC 30842)

Flynn, C. J., and DiPentima and Sullivan, Js.*

Argued February 16—officially released June 15, 2010

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Gerald L. Garlick*, with whom, on the brief, was *Katherine E. Abel*, for the appellants (defendants).

*Mark T. Kelly*, for the appellees (plaintiffs).

*Opinion*

DiPENTIMA, J. The defendants, Andre Poirier and Debra Poirier, appeal from the judgment of the trial court rendered in favor of the plaintiffs, Peter Anderson and Linda Anderson, on their claim to title by adverse possession of certain real property. On appeal, the defendants claim that the court improperly (1) admitted into evidence a survey that was prepared by a surveyor who did not testify and who was not disclosed as an expert witness, (2) determined that the plaintiffs had sustained their burden of proving all of the elements of adverse possession by clear and convincing evidence and (3) determined that the plaintiffs had sustained their burden of proving the dimensions and extent of the disputed property. For the reasons we will set forth, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the defendants' appeal. The plaintiffs purchased 263 Linden Avenue in Branford on August 16, 1984, from the mother of Peter Anderson. The defendants purchased 259 Linden Avenue, the property adjacent to that of the plaintiffs, on March 30, 2004. The subject of this dispute is a strip of land approximately two and one-half feet wide extending the length

of the approximately 110 foot boundary line between the plaintiffs' and defendants' properties.

After purchasing their property, the defendants obtained a survey in 2005, which indicated the boundary line was approximately two and one-half feet into the plaintiffs' property, rather than where the parties had believed it to be. The defendants commissioned a second survey in October, 2007, which indicated the same boundary line as the 2005 survey, but also depicted the plaintiffs' boundary features. The boundary line, as indicated on the defendants' surveys, runs through a portion of the plaintiffs' parking area, side yard and patio, and onto a portion of their boat dock. Following the discovery of the new boundary line, the defendants planted shrubs on the disputed strip of land.

On November 14, 2007, the plaintiffs filed a two count complaint, alleging adverse possession and trespass in the first count, and nuisance in the second. Following a one day trial, the court issued a memorandum of decision in which it found that the plaintiffs had established each element of adverse possession of the disputed strip of land by clear and convincing evidence. The court therefore rendered judgment in favor of the plaintiffs.[1] This appeal followed.

The defendants first claim that the court improperly admitted into evidence a survey that was prepared for the plaintiffs by a surveyor who did not testify at trial and who had not been disclosed as an expert witness.[2]

---

[1] The court determined that the plaintiffs did not sustain their burden as to their claims of trespass and nuisance and, therefore, denied the plaintiffs' request for a permanent injunction. Those determinations have not been challenged on appeal.

[2] "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . ." Practice Book (2007) § 13-4 (4).

In October, 2007, the plaintiffs had obtained a survey of their property, which indicated the same boundary line as the defendants' surveys, but also showed the "line of occupation of land of Anderson at the boundary of the land of [Poirier]." This survey was admitted into evidence over the defendants' objection. We conclude that even if the court improperly had admitted the survey into evidence, the defendants have not shown that substantial prejudice or injustice resulted from such admission.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *Jacobs* v. *General Electric Co.*, 275 Conn. 395, 406, 880 A.2d 151 (2005). Additionally, even when an evidentiary ruling is improper, "the defendant bears the burden of demonstrating that the error was harmful. . . . One factor to be considered in determining whether an improper ruling on evidence is a harmless error is whether the [evidence] was cumulative . . . ." (Internal quotation marks omitted.) *In re Galen F.*, 54 Conn. App. 590, 601, 737 A.2d 499 (1999).

The defendants claim that the only evidence as to the location and extent of the property being claimed by the plaintiffs was the plaintiffs' 2007 survey. On the contrary, the information contained in the plaintiffs' survey, namely, the "line of occupation," was cumulative of the overall evidence presented at the trial. The

record contains testimony by Peter Anderson regarding his use of the disputed strip of land,[3] numerous photographs and both of the defendants' surveys. Even if the plaintiffs' survey was admitted improperly, it was merely cumulative of other evidence, and, therefore, its admission was harmless.

The defendants further claim that the court improperly concluded that the plaintiffs met their burden of proof with regard to all of the elements of the adverse possession claim. Particularly, the defendants contend that the plaintiffs did not sustain their burden of proof regarding the "open" or "notorious" elements of adverse possession and that the plaintiffs failed to prove the extent of the property allegedly possessed. We disagree.

The "essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. . . . Adverse possession must be proven by the claimant . . . by clear and convincing evidence." (Internal quotation marks omitted.) *Roberson* v. *Aubin*, 120 Conn. App. 72, 74, 990 A.2d 1239 (2010); see also General Statutes § 52-575.

"Despite [this] exacting standard, our scope of review is limited. . . . Because adverse possession is a question of fact for the trier . . . the court's findings as to this claim are binding upon this court unless they are

---

[3] Peter Anderson testified that the boundary line and the line of use ran in a straight line from the front of the plaintiffs' property beginning at the edge of the parking area nearest the defendants' property, to the trees located between the two homes and along the yard, to the edge of the dock nearest the defendants' property in the rear of the plaintiffs' property. Peter Anderson also testified that since 1984 he had mowed the lawn of the disputed area and had maintained the parking area, a patio located near the trees and the dock.

clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." (Citation omitted; internal quotation marks omitted.) *Mulle* v. *McCauley*, 102 Conn. App. 803, 809, 927 A.2d 921, cert. denied, 284 Conn. 907, 931 A.2d 265 (2007).

The defendants claim that the plaintiffs did not sustain their burden with regard to the requirement of an open and notorious use of the disputed strip of land. In support of this claim, the defendants contend not only that the only evidence of the plaintiffs' use of the grassy area in the backyard was that they mowed their grass to a lower height than the grass in the defendants' adjoining yard, but also that mowing alone was not an activity sufficient to establish open or notorious use of the property.[4] We are not persuaded.

"The legal significance of the open and visible element [of adverse possession] is not . . . an inquiry as to whether a record owner subjectively possessed an understanding that a claimant was attempting to claim the owner's property as his own. Rather, the open and visible element requires a fact finder to examine the extent and visibility of the claimant's use of the record

---

[4] The defendants further contend that the "admittedly cordial relationship that permeated the neighborhood" undermines a claim that the plaintiffs' use was open or notorious. At trial, Andre Poirier's testimony as to the general atmosphere of the neighborhood was limited to the period after he acquired his property in 2004. The court expressly found that the fifteen year statutory period for the plaintiffs' adverse possession claim concluded in 1999. Accordingly, the extent of the friendliness of the neighborhood in 2004 and beyond has no bearing on whether the plaintiffs' use of the disputed strip of land from 1984 to 1999 was sufficiently open or notorious.

owner's property so as to determine whether a reasonable owner would believe that the claimant was using that property as his or her own." *Schlichting* v. *Cotter*, 109 Conn. App. 361, 368, 952 A.2d 73, cert. denied, 289 Conn. 944, 959 A.2d 1009 (2008). "In general, exclusive possession can be established by acts, which at the time, considering the state of the land, comport with ownership; viz., such acts as would ordinarily be exercised by an owner in appropriating the land to his own use and the exclusion of others. . . . Thus, the claimant's possession . . . need only be a type of possession which would characterize an owner's use. . . . It is sufficient if the acts of ownership are of such a character as to openly and publicly indicate an assumed control or use such as is consistent with the character of the premises in question." (Citations omitted; internal quotation marks omitted.) *Roche* v. *Fairfield*, 186 Conn. 490, 502–503, 442 A.2d 911 (1982).

At trial, the plaintiffs clearly demonstrated their open and notorious use of the claimed property. They did not present evidence solely as to their mowing of the property. Rather, the plaintiffs presented both pictorial and testimonial evidence that they conducted various activities on the disputed strip of land throughout the statutory period consistent with the residential nature of the area, namely, construction, maintenance and use of a driveway, sidewalk, gardens, front and back lawns, and a dock. The record supports the court's conclusion that the evidence as to the plaintiffs' activities demonstrated sufficient open and notorious possession to establish the plaintiffs' adverse possession claim.

Finally, the defendants contend that the plaintiffs offered no evidence other than the disputed survey depicting the "line of occupation" by which the court could have determined the extent of the claimed property. We disagree.

"When not claimed under color of title, adverse possession is limited to the area of land actually possessed. . . . It can only extend as far as [the] claimant has actually occupied and possessed the land in dispute . . . ." (Citation omitted; internal quotation marks omitted.) *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 654, 905 A.2d 1256 (2006). Contrary to the defendants' contention, however, the record shows that the plaintiffs sufficiently demonstrated the extent of the property they possessed. Peter Anderson repeatedly testified that the boundary and the use of the claimed property ran in a straight line from the right side of his driveway, starting at the street, through the midsection of the trees between the plaintiffs' and the defendants' houses, and continuing in a straight line through the lawn to the right side of the dock at the rear of the property. Furthermore, the plaintiffs presented numerous photographs depicting the use of the area described by Peter Anderson during his testimony. Accordingly, even without the "line of occupation" indicated on the plaintiffs' survey, the record contains sufficient evidence from which the court could have determined that the extent of the plaintiffs' use of the property consisted of a straight line from the outside edge of the driveway to the outside edge of the dock.

The judgment is affirmed.

In this opinion the other judges concurred.